UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-15-633 |
| | § | H-16-283 |
| JOSHUA RAY JOHNSON | § | |
| Defendant. | § | |

## PLEA AGREEMENT

The United States of America, by and through Kenneth Magidson, United States Attorney

for the Southern District of Texas and Sherri L. Zack, Assistant United States Attorney, and the

defendant, Joshua Ray Johnson, the defendant's counsel, Peter Bray, pursuant to Rule 11(c)(1)(C)

of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the

terms and conditions of which are as follows:

### The Defendant's Agreement

1.      The defendant agrees to plead guilty to Count One of the Indictment in cause

number H-15-633 and to plead guilty to Count One of the Indictment in cause number H-16-283.

Count One in cause H-15-633 charges the defendant with Sexual Exploitation of Children in

violation of Title 18, United States Code, Sections 2251(a) and (e).   Count One in cause H-16-283

charges the defendant with Distribution of Child Pornography in violation of Title 18, United

States Code, Sections 2252(a)(2) and (b)(1). The defendant, by entering this plea agrees that he is

waiving any right to have the facts that the law makes essential to the punishment charged in the

indictment, or proved to a jury or proven beyond a reasonable doubt.

1

**Punishment Range**

2.     The statutory penalty for a violation of Title 18, United States Code, Sections 2251(a) and (e) is imprisonment for no less than fifteen (15) and up to thirty (30) years and a fine of not more than $250,000.00.   The statutory penalty for a violation of Title 18, United States Code, Sections 2252(a)(2) and (b)(1) is imprisonment for no less than five (5) and up to twenty (20) years and a fine of not more than $250,000.00. Additionally, the defendant may receive a term of supervised release after imprisonment of at least five (5) years up to life as to each count/cause. Title 18, U.S.C. §§ 3559(a) and 3583(k).  Defendant  acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then defendant may be imprisoned without credit for time already served on the term of supervised release prior to such violation.      Title 18, U.S.C. §§ 3559(a) and 3583(e) & (k). Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

3.     The defendant understands that under the Sex Offender Registration and Notification Act, the defendant must register and keep such information current in the jurisdictions where the defendant resides, is employed, and is a student.   The defendant further understands that the requirement to keep the registration current includes informing such jurisdictions not later than three (3) business days after any change of the defendant's name, residence, employment or student status.   The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, specifically, Title 18, United States Code, Section 2250, as well as applicable state statutes.

2

## Mandatory Special Assessment

4.     Pursuant to Title 18, U.S.C. § 3013(a)(2)(A), immediately after sentencing, defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

5.     Pursuant to Title 18, United States Code, Section 3014(a)(3), if the court determines that the Defendant is a non-indigent person, the Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of five thousand dollars ($5000.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District clerk's Office, P.O. Box 61010, Houston, TX 77208, Attention: Finance.

## Restitution, Forfeiture, and Fines – Generally

6.   This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that he will make a full and complete disclosure of all assets over which he exercises direct or indirect control, or in which he has any financial interest. Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which he has an interest, unless Defendant obtains the prior written permission of the United States.

7.   Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea agreement. Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United

3

States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

8.   Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of his assets to deliver all funds and records of such assets to the United States.

### Forfeiture

9.   Defendant stipulates and agrees that the properties listed in the United States Supplement to Notice of Forfeiture, specifically a Samsung Galaxy Core Prime cellular phone IMEI #900004839603580 and a Samsung Model # SPHL-300 cellular phone (the "cellphones"), are subject to forfeiture. Defendant agrees to the forfeiture of the cellphones (whether forfeited administratively or judicially), and he waives any and all procedural and notice requirements for forfeiture. Defendant abandons and waives any and all right, title and interest in the cellphones and in any other asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state. Defendant consents to any order of forfeiture relating to the cellphones becoming final as to Defendant immediately following this guilty plea, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A). Defendant waives the right to challenge the forfeiture of property in any manner, including by direct appeal or in a collateral proceeding.

4

10.  Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

### Waiver of Appeal and Collateral Review

11.  Defendant is aware that Title 28, United States Code, section 1291, and Title 18, United States Code, section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final.  Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

12.  In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court.  Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that she may have received from his counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce his guilty plea, and is not binding on the United States, the Probation Office or the Court.  The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court.  *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing

5

Guidelines and must take them into account when sentencing Defendant, the Court is not bound to

follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

13.    Defendant understands and agrees that each and all waivers contained in the

Agreement are made in exchange for the concessions made by the United States in this plea

agreement.

### The United States' Agreements

14.    The United States agrees to each of the following:

(a)    At the time of sentencing, the United States agrees not to oppose defendant's
       anticipated request to the Court and the United States Probation Office that he/she
       receive a two (2) level downward adjustment pursuant to U.S.S.G. Section
       3E1.1(a) should the defendant accept responsibility as contemplated by the
       Sentencing Guidelines.

(b)    If the defendant qualifies for an adjustment under U.S.S.G. Section 3E1.1(a), the
       United States agrees not to oppose the defendant's request for an additional one
       level departure based on the timeliness of the plea or the expeditious manner in
       which the defendant provided complete information regarding his role in the
       offense if the defendant's offense level is 16 or greater.

(c)    The United States agrees at the time of sentencing to recommend that the sentences
       for all counts/cause numbers run concurrently not to exceed a maximum of 30 years
       followed by Life on supervised release. The United States agrees that this
       recommendation will bind the Court, if this agreement is accepted, pursuant to Rule
       11(c)(1)(C).

(d)    If the Defendant persists in his plea of guilty, the United States will dismiss the
       Count Two of the Indictment in H-15-633 at sentencing.

### United States' Non-Waiver of Appeal

15.    The United States reserves the right to carry out its responsibilities under the

sentencing guidelines.  Specifically, the United States reserves the right:

(a)    to bring its version of the facts of this case, including its evidence file and any
       investigative files, to the attention of the Probation Office in connection with that
       office's preparation of a presentence report;

(b)     to set forth or dispute sentencing factors or facts material to sentencing;

(c)     to seek resolution of such factors or facts in conference with defendant's counsel and the Probation Office; and,

(d)     to file a pleading relating to these issues, in accordance with U.S.S.G. Section 6A1.2 and Title 18, U.S.C.§ 3553(a).

## Sentence Determination

16.     Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, U.S.C. § 3553(a).  Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court until the Court accepts the plea agreement.  If the Court accepts the plea agreement, Defendant will remain bound to fulfill all of the obligations under this plea agreement.  If the Court rejects the plea agreement, Defendant will be given an opportunity to withdraw his plea of guilty.

## Rights at Trial

17.     Defendant represents to the Court that he is satisfied that his attorney has rendered effective assistance.  Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement.  Defendant understands that the rights of a defendant include the following:

(a)     If defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel.  The trial may be

7

conducted by a judge sitting without a jury if the defendant, the United States, and the court all agree.

(b)    At a trial, the United States would be required to present witnesses and other evidence against the defendant.    Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn, the defendant could, but would not be required to, present witnesses and other evidence on his own behalf.    If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court.

(c)    At a trial, defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if the defendant desired to do so, he could testify on his/her own behalf.

## Factual Basis for Guilty Plea

18.    Defendant is pleading guilty because he is guilty of the charges contained in Count One of the Indictment in H-15-633 and Count One of H-16-283.  If this case were to proceed to trial, the United States could prove each element of the offenses contained in each cause number beyond a reasonable doubt.  The parties agree that this factual basis does not include all relevant conduct that may be considered by the Court for sentencing purposes.  The following facts, among others would be offered to establish the Defendant's guilt:

A. In October of 2015, SA Johnson received information from HSI Anchorage, Alaska, Special Agent Matthew Kimmel. According to the information received, an individual located at the aforementioned residence, utilizing the email account normamayfield8103@gmail.com, sent sexually explicit images of a toddler victim to an undercover email account.

B. On September 25, 2015, SA Kimmel's UC e-mail account received a reply from "Josh Johnson <normamayfield8103@gmail.com>." The email contained fourteen attached image files, all of which depicted the same prepubescent female, most of which were sexually explicit images of the toddler victim.

C. Three of the images sent in the email are described below; (a) and (b) meet the federal

8

definition of child pornography and (c) is child erotica:

1) 20150912_090123.jpg: This image file depicts a prepubescent female. SA Kimmel estimates the child to be approximately two (2) or three (3) years in age. The child is completely nude and sitting on a bed. Her legs are apart. Her left hand is on her positioned on her left upper thigh and her right hand is positioned on her right upper thigh. This position exposes her genitals to the camera. Her genitals are the focal point of the picture.

2) 20150912_090256.jpg: This image file depicts the same toddler victim as in image 20150912_090123.jpg. The child is completely nude and sitting on a bed with her legs apart. Her right leg is raised in the air and both of her hands are positioned on her raised right leg. Her left leg is positioned on the bed. This position exposes her genitals to the camera. Her genitals are the focal point of the picture.

3) 20150912_121129.jpg: This image depicts what appears to be the same toddler victim pictured in 20150912_090123. The victim is depicted outside in a standing completely nude in a blue swimming pool. The pool is located in front of what appears to be a horse stable.

D. On October 02, 2015, SA Kimmel served a federal search warrant on the email account registered to Josh JOHNSON normamayfield8103@gmail.com. The results of the search warrant revealed several images of child pornography, as defined by federal statute, contained within the email account.

E. Also included in the search warrant return was the subscriber information listed below

Name: Josh Johnson
Email: normamayfield8103@gmail.com
Status: Enabled
Created on: 2015/06/01-23:59:46- UTC
IP 70.196.81.3, on 2015/06/01-23:59:46-UTC
Language Code:en_US

9

SMS: 18303704668

Google Account ID: 651808530280

F. SA Kimmel searched a publicly available database for the telephone number (830) 370-4668. The results revealed that the phone number belongs to Joshua JOHNSON with an address listed Cypress, Texas.

G. On November 05, 2015, Special Agent Juanae Johnson and other members of the HSI Cyber Crimes Investigations group conducted a search warrant at that address in Cypress, Texas.

H. On that same day, SA Johnson and SA Snyder conducted an interview with Joshua JOHNSON. SA Johnson read JOHNSON his Miranda rights at which point he signed the Miranda form and chose to speak with the agents.

I. JOHNSON gave SA Johnson the telephone number (830)370-4668 and told agents that he accesses the internet with his Samsung Galaxy phone.

J. SA Johnson informed JOHNSON that they investigated crimes against children, and asked JOHNSON if he had any idea why they would be at his residence. JOHNSON responded by saying that "it would be me... it's been a very serious problem that I've had for a very long time...ever since I can remember I like looking at kids in the nude."  He went on to say "I have weird fetishes... diaper fetishes." SA Johnson asked if he masturbated in the diapers. JOHNSON responded "sometimes".

K. JOHNSON stated that he currently uses the following email addresses: normacarol6506@gmail.com and jjfish80@yahoo.com and normamayfield8103@gmail.com.

L. JOHNSON stated that he views images of child pornography on img.scru, where he had a profile, whose name was consistent with that of the victim, where he uploaded images of the victim. JOHNSON told SA Johnson that he took images of the victim in the pool with her diaper on and uploaded them to img.scru.

M. JOHNSON confessed to possessing approximately 8-10 images of the victim. JOHNSON stated that he has never touched the victim and that he has other images of child pornography stored on his cell phone.

N. JOHNSON defines child pornography as "touching, molesting, and raping...

10

girls...children." JOHNSON confessed to distributing and receiving child pornography and that he knew it was illegal.

O.  SA Johnson showed JOHNSON the child pornography images received by the undercover agent and JOHNSON confessed to taking these images of the victim and signed each one. JOHNSON explained that he took some of the images outside in the backyard and the others in his room on top of his (red, white and blue) blanket. He also confessed to distributing the images several times to "trade with other people to get more images."

P.  JOHNSON stated that he likes images of "just a naked girl... straight naked, from the ages of three to eight or three to seven." SA Johnson asked what is sexually attractive to you about that. JOHNSON stated "just the purity...they are just cute."

Q.  During the execution of the search warrant, a forensic preview was conducted by Computer Forensic Agent Juan Avalos during the search warrant of the residence. CFA Avalos located more than five self-produced images of child pornography on JOHNSON'S Samsung cell phone. Two of these images, which meet the federal definition of child pornography, are described below:

> Image one: depicts a toddler female victim approximately 2-3 years of age, the victim is completely nude and sitting on a bed with her legs apart. Her right leg is raised in the air and both of her hands are positioned on her raised right leg. Her left leg is positioned on the bed. This position exposes her genitals to the camera. Her genitals are the focal point of the picture.

> Image two: depicts a toddler female victim approximately two to three years of age, lying on top of an open diaper with her vagina spread in a lewd and lascivious manner. Her vaginal area is the focal point of the image.

R.  SA Johnson located the victim depicted in the child pornography images produced by JOHNSON.  The victim was identified by one of her parents as the child in the child pornography images produced by JOHNSON.  The victim's date of birth of is 9/7/2013. She is currently 2 years of age.

S.  The cellular phones were manufactured outside the United States.

11

T. The phones seized from JOHNSON were searched and the forensic examiner found numerous images of child pornography of the named victim produced by JOHNSON. Images and videos of child pornography were found in Defendant's Gmail account, and on both the Grey Samsung Model # SPHL-300 and the Samsung Galaxy Core Prime IMEI# 900004839603580. In total there were more than 600 images found on the computer media under JOHNSON'S control.

U. The internet is a means and facility of interstate commerce. The child pornography images created in the Southern District of Texas traveled via the internet to the District of Alaska.

## Breach of Plea Agreement

19. If defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and the defendant's plea and sentence will stand. If at any time defendant retains, conceals or disposes of assets in violation of this plea agreement, or if defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

20. Whether the defendant has breached any provision of this plea agreement shall be determined solely by the United States through the United States Attorney's Office, whose judgment in that regard is final.

## Complete Agreement

21. This written plea agreement, consisting of 15 pages, including the attached addendum of defendant and his/her attorney, constitutes the complete plea agreement between the United States, defendant and his counsel. No promises or representations have been made by the

12

United States except as set forth in writing in this plea agreement.   Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

22.     Any modification of this plea agreement must be in writing and signed by all parties.

Filed at Houston, Texas, on _____*August 9*_____, 2016.


_____
Joshua Ray Johnson
Defendant

Subscribed and sworn to before me on _____*August 9*_____, 2016


UNITED STATES DISTRICT CLERK

By: _____
     Deputy United States District Clerk

APPROVED:

KENNETH MAGIDSON
United States Attorney

By: _____
Sherri L. Zack
Assistant United States Attorney

_____
Peter Bray
Attorney for Defendant

13

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-15-633 |
| | § | H-16-283 |
| JOSHUA RAY JOHNSON | § | |
| Defendant. | § | |

**PLEA AGREEMENT -- ADDENDUM**

I have fully explained to Defendant his/her rights with respect to the pending indictment. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____
Attorney for Defendant

_8/9/16_____
Date

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-15-633 |
| | § | H-16-283 |
| JOSHUA RAY JOHNSON | § | |
| Defendant. | § | |

I have consulted with my attorney and fully understand all my rights with respect to the

indictment pending against me. My attorney has fully explained, and I understand, all my rights

with respect to the provisions of the United States Sentencing Commission's Guidelines Manual

which may apply in my case. I have read and carefully reviewed every part of this plea agreement

with my attorney. I understand this agreement and I voluntarily agree to its terms.

_____
Defendant

_____
Date